UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ANTWONE JENNINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:16-cv-00086-TWP-TAB |
| | ) |
| JEREMY NOLES Sheriff, | ) |
| CLARK COUNTY, | ) |
| SHERIFF'S DEPARTMENT OF CLARK | ) |
| COUNTY, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Antwone Jennings, an inmate of the Clark County Jail brings this complaint against the Sheriff of Clark County, Clark County, and the Sheriff's Department. Jennings alleges a number of violations of his civil rights during his confinement at the Clark County Jail. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b).

**I. Screening of the Complaint**

Pursuant to the statutes mentioned above, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by

the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Based on this screening and for the reasons stated below, the complaint must be **dismissed**.

First, any claim against Clark County must be dismissed because the plaintiff has not sufficiently alleged a widespread policy on the part of the county that resulted in the unconstitutional actions alleged. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694 (1978); *Billings v. Madison Metro. Sch. Dist.,* 259 F.3d 807, 817 (7th Cir. 2001) ("To establish that a municipality has violated an individual's civil rights under § 1983, the plaintiff must show one of the following: (I) that the city had an express policy that, when enforced, causes a constitutional deprivation; (ii) that the city had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage within the force of law; or (iii) that the plaintiff's constitutional injury was caused by a person with final policy-making authority.")(citing *McCormick v. City of Chicago,* 230 F.3d 319, 324 (7th Cir. 2000)).

Next, the Sheriff's department is a division of the county and not a subject to suit. *See Whiting v. Marathon County Sheriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004). Finally with regard to Sheriff Noles, the plaintiff does not allege that this defendant personally took part in any of the alleged violations of his rights. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's*

rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(*citing Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

In addition to failing to name defendants responsible for the actions alleged, the allegations of the plaintiff's complaint also fail to state a claim upon which relief may be granted. The plaintiff alleges that he was "placed in a dangerous situation" because he was housed with the murderer of his brother, that he was left in the hallway for about four hours, that he was improperly sent to segregation, and that he was erroneously informed that one of his relatives had died. While each of these allegations is unfortunate, none of them rise to the level of a constitutional violation.

At the outset, the Court notes that Jennings's constitutional rights as a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners. *See, e.g., Kingsley v. Hendrickson,* ––– U.S. ––––, 135 S.Ct. 2466, 2475, 192 L.Ed.2d 416 (2015); *Budd v. Motley,* 711 F.3d 840, 842 (7th Cir. 2013). In the context of a conditions of confinement claim, a pretrial detainee is entitled to be free from conditions that amount to "punishment," *Bell v. Wolfish,* 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), while a convicted prisoner is entitled to be free from conditions that constitute "cruel and unusual punishment." *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In both cases, however, the alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind. *See, e.g., Sain v. Wood,* 512 F.3d 886, 893–94 (7th Cir.2008); *Board v. Farnham,* 394 F.3d 469, 478 (7th Cir.2005); *Cavalieri v. Shepard,* 321 F.3d 616, 620 (7th Cir.2003). An adverse condition amounts to a constitutional deprivation when it results in the denial of a basic human need, *Rice ex rel. Rice v. Corr. Med. Servs.,* 675 F.3d 650, 664 (7th

Cir.2012), such as "adequate food, clothing, shelter, and medical care," *Farmer,* 511 U.S. at 832, 114 S.Ct. 1970. "The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)). Jennings's allegations here do not rise to this level.

## II. Further Proceedings

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through August 8, 2016,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED.**

Date: 7/6/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTWONE JENNINGS
FLOYD COUNTY JAIL
Inmate/Mail Parcels
P.O. Box 1406
New Albany, IN 47150